04-00415
USDC/RI
Lagueux, R.

# United States Court of Appeals
## For the First Circuit

# MANDATE

No. 05-1361

PATRICK M. VIGNEAU,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Selya, Lynch and Lipez,
Circuit Judges.

**JUDGMENT**
**Entered: August 2, 2005**

The request for a certificate of appealability is denied. Movant Patrick Vigneau ("Vigneau") has failed to make a substantial showing of the denial of a constitutional right.

Vigneau first argues that a conviction under 21 U.S.C. § 848(a) requires proof that the continuing criminal enterprise ("CCE") in question involved a quantity of drugs at least 300 times the quantities set out in 21 U.S.C. § 841(b)(1)(B). The argument is unsupported by the statutory language and, as Vigneau concedes, any case law. If Congress had intended *all* CCE convictions to be supported by evidence that the enterprise dealt in at least 300 times the quantities set out in subsection 841(b)(1)(B), it would have included that requirement in subsection (a) as well as subsection (b). The requirement is absent from subsection (a), and for good reason: proof of the "at least 300 times" element is only required for imposition of a mandatory life sentence. Vigneau, of course, was not sentenced under subsection (b) because his enterprise, and the underlying substantive felonies, involved less than 30,000 kilograms of marijuana. And, he was not subjected to

a mandatory life sentence. Nothing in the language of subsection (a) invalidates his conviction or prohibited the court from sentencing Vigneau to a 365-month prison term on the CCE charge.

Vigneau next challenges the district court's failure to instruct the jury that it had to agree on the identity of those whom Vigneau is said to have supervised. Vigneau did not raise this substantive claim in his 2255 motion or in his request for a certificate of appealability in the district court. Rather, until now, he has characterized this claim as one of ineffective assistance of counsel. He seems now to have abandoned any claim of ineffective assistance, and because he did not raise a related substantive claim in his original 2255 motion, he may not advance it on appeal.

In any event, Vigneau fails to make a substantial showing of the denial of a constitutional right. It is well-established in this circuit that in a CCE prosecution, the jury need not agree on the identity of the five individuals who are said to have been supervised. See United States v. Escobar de Jesus, 187 F.3d 148, 173 (1st Cir. 1999) (in CCE prosecution, jurors need not agree on identify of the five or more persons supervised by the defendant) (citation omitted); United States v. Tarvers, 833 F.2d 1068, 1074 (1st Cir. 1987) ("We hold that the district court correctly instructed the jury that it was not required to reach a unanimous agreement as to the identities of the five persons for whom [the defendant] acted in a supervisory capacity."). Vigneau claims that one circuit has held to the contrary, see United States v. Jerome, 942 F.2d 1328, 1330-31 (9th Cir. 1991); but, he is not entirely correct. See United States v. Garcia, 988 F.2d 965, 969 (9th Cir. 1993) (limiting scope of Jerome); see also United States v. Richardson, 526 U.S. 813, 829 (1999) ("With respect to the requirement of action in concert with five or more other persons, every Court of Appeals to have considered the issue has concluded that the element aims the statute at enterprises of a certain size, so the identity of the individual supervisees is irrelevant.") (dissenting opinion) (citing Garcia). In any event, First Circuit case law controls here.

Finally, Vigneau argues that his three convictions under 21 U.S.C. § 841(b) carried a statutory maximum sentence of one year of imprisonment, see 21 U.S.C. § 841(b)(4); and that because convictions under subsection 841(b)(4) are categorized as misdemeanors, see 18 U.S.C. § 3559(a)(6), an element of the CCE charge was not proven, that being that the defendant engaged in at least one drug felony and the enterprise engaged in a series of such felonies. See 21 U.S.C. § 848(c)(1) & (2). We already have decided that the statutory maximum applicable to the section 841 charges was five years. See United States v. Vigneau, 337 F.3d 62, 67-68 (1st Cir. 2003). Because the issue already has been argued

and decided against Vigneau by this court, he cannot relitigate the issue now. See Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996). To the extent he argues Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), require a different result, the argument is unavailing, because Blakely and Booker do not apply retroactively to cases on collateral review. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005).

The request for a certificate of appealability is denied, and the appeal is terminated.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

George Kretas

Deputy Clerk

Date: 9/23/05

By the Court:

Richard Cushing Donovan, Clerk.

JULIE GREGG

By: ______________________

Operations Manager.

[cc: Patrick M. Vigneau, Richard W. Rose, AUSA, Donald Lockhart, AUSA]